**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4219**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DARIUS DONTE PRIVETTE, a/k/a Heavy,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:24-cr-00199-D-RJ-1)

_____

Submitted:  November 20, 2025                Decided:  November 24, 2025

_____

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Donte Privette appeals his convictions and the 120-month sentence imposed after he pled guilty, pursuant to a plea agreement, to possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, fentanyl, ANPP, cocaine base, and methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no potentially meritorious issues for appeal but raising the substantive reasonableness of Privette's sentence as a possible issue for review. Privette has not filed a pro se supplemental brief, despite receiving notice of his right to do so. The Government moves to dismiss the appeal based on the appeal waiver in Privette's plea agreement. As explained below, we dismiss in part and affirm in part.

We first conclude that, with certain exceptions inapplicable here, Privette has waived his right to appeal his conviction and sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appeal waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

2

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. *Id.* at 169. "To determine whether a defendant knowingly and voluntarily agreed to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Based on the totality of circumstances in this case, we conclude that Privette knowingly and voluntarily entered his guilty plea and understood the waiver.

We therefore grant the Government's motion to dismiss, in part, and dismiss the appeal as to all issues falling within the scope of the broad appeal waiver in Privette's plea agreement. In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that do not fall within the scope of the appeal waiver and have found none. Accordingly, we deny the Government's motion, in part, as to any issues falling outside the scope of the appeal waiver, and affirm the criminal judgment in part.

This court requires that counsel inform Privette, in writing, of his right to petition the Supreme Court of the United States for further review. If Privette requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Privette. We dispense with oral argument because

3

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*